```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:97-00002

**ALEX RIVERS, JR.**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On July 14, 2014, the United States of America appeared by Joshua Hanks, Assistant United States Attorney, and the defendant, Alex Rivers, Jr., appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the Motion to be Relieved of Appointment as Counsel, filed June 26, 2014.

At the outset of the hearing, Mr. Lancaster and Mr. Rivers informed the court that Mr. Rivers wished to proceed on revocation despite the appearance of a conflict of interest presented by the allegations arising out of violation number 2 set forth in the petition filed March 26, 2014 ("petition"). Counsel for both parties, along with Mr. Rivers, agreed that the conflict of interest would cease to exist in the event that

violation number 2 was not the subject of a hearing and adjudication.

The court, with the consent of counsel and Mr. Rivers, thus addressed only violation number one set forth in the petition, and violation number 3, set forth in the amended petition filed April 7, 2014.  The motion to be Relieved of Appointment as Counsel was withdrawn by Mr. Lancaster and Mr. Rivers inasmuch as violation number 2 was not further addressed.

The hearing then proceeded to address violation number 1 in the petition and violation number 3 in the amended petition, both of which were submitted by United States Probation Officer Patrick M. Fidler in the petition and amended petition as aforesaid.

The defendant commenced a three-year term of supervised release in this action on October 4, 2013, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 4, 1997.

The court heard the admissions of the defendant and the representations and argument of counsel.

**For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) on February 21, 2014, Mr. Rivers was given a breath analysis test at Dismas Charities, Inc., community confinement center. His blood alcohol content registered as .111 (violation number 1); and (2) Mr. Rivers has committed at least one count of breaking and entering of an automobile and one count of receiving and transferring stolen property, as charged on March 27, 2014, by the Charleston Police Department (violation number 3). Mr. Rivers admitted the allegations of violation number 1. He conceded that the United States would be able to offer proof by a preponderance of the evidence that he committed the offenses described in violation number 3.**

**And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon Mr. Rivers in this action be, and it hereby is, revoked.**

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that Mr. Rivers, in view of the serious nature of the violations, should be confined, it is accordingly ORDERED that Mr. Rivers be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX MONTHS.  The court recommends that Mr. Rivers be incarcerated at FMC Lexington and that he be given a physical examination and treatment of an abdominal hernia and a right arm injury.

After having been advised of his right to appeal the revocation and sentence, Mr. Rivers was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  July 15, 2014

_____
John T. Copenhaver, Jr.
United States District Judge

4